objection, to testify to a previous identification of defendant by the complaining witness. Under the circumstances disclosed by this record, the admission of the prejudicial hearsay testimony as to the previous identification requires reversal in the interests of justice, even though no exception was taken by defendant's counsel (*People* v. *Trowbridge*, 305 N. Y. 471; *People* v. *Altintop*, 13 A D 2d 508; *People* v. *De Jesus*, 11 A D 2d 711). Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM WALKER, Appellant.— In a *coram nobis* proceeding, the defendant appeals from an order of the County Court, Kings County, dated August 23, 1961, denying, without a hearing, his application to vacate a judgment of said court, rendered February 6, 1953, after a jury trial, convicting him of robbery in the first degree, and sentencing him as a second felony offender to serve a term of 15 to 60 years. Order affirmed. This application is made on the ground that a confession made by the defendant to an Assistant District Attorney was coerced and that error was committed upon the trial by the admission of evidence relating to such confession. This identical issue was previously raised by the defendant and was adjudicated adversely to him on his appeal from the judgment of conviction (*People* v. *Walker*, 284 App. Div. 1068). Hence, he is not now entitled to relitigate the same issue (cf. *People* v. *Caminito*, 3 N Y 2d 596, 601; *People ex rel. Baumgart* v. *Martin*, 9 N Y 2d 351, 354–355). Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM WILBURN, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Queens County, dated June 17, 1959, which denied, without a hearing, his application to vacate a judgment of said court rendered September 5, 1956, convicting him, after a jury trial, of feloniously selling a narcotic drug, and imposing sentence. The judgment of conviction was affirmed (*People* v. *Wilburn*, 4 A D 2d 698). The application was made on the grounds of alleged suppression of evidence, denial of the right to be confronted with witnesses, and uncorroborated testimony. Order affirmed. No opinion. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HEUBERTO PEREZ ZAYAS, Appellant.— Appeal by defendant from a judgment of the County Court, Rockland County, rendered November 27, 1961 after a jury trial, convicting him of assault in the second degree, and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS J. F. GILL, JR., Appellant, v. CHARLES BUCKMAN, as Director of Kings Park State Hospital, Respondent.— In a habeas corpus proceeding, relator appeals from an alleged order of the Supreme Court, Suffolk County, made on or about April 27, 1961 after a hearing, which dismissed the writ. Appeal dismissed. There is no such order in the papers before us. Ughetta, Acting P. J., Kleinfeld, Rabin and Hopkins, JJ., concur; Hill, J., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENE LLOYD, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, entered November 1, 1961, after a hearing, which dismissed the writ and remanded him to the custody of respondent. Order affirmed. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CURTIS WHITE, Appellant, v. JEREMIAH DONOVAN, as Warden of the Brooklyn House of Detention